UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHANTAIL SHELTON, | ) |
| | ) |
| Defendant. | ) |

## GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1.    **PARTIES:**

The parties are the defendant Chantail Shelton, represented by defense counsel Sara Neill, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2.    **GUILTY PLEA:**

A.    **The Plea:**

Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Count One, the United States agrees that no further federal prosecution will be brought in this District relative to the defendant's preparation of

fraudulent and false federal income tax returns known to the United States at this time, arising out of the events set forth in the indictment.

**B.**     **The Sentence:**

The parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The government further acknowledges that the defendant will make a non-binding recommendation of probation at the time of sentencing. The government defers to the Court. The parties further agree that the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) will be determined by the Court pursuant to the Sentencing Guidelines, Title 18, United States Code, Section 3553. The parties agree that the recommendations contained herein fairly and accurately set forth some of the guidelines that may be applicable to this case. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.**     **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating the statute listed below and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

Title 26, United States Code, Section 7206(2)

1.     The defendant aided and assisted in and prepared a federal income tax return that was presented to the Internal Revenue Service;

2.     The return was false as to a material matter; and

3.     The defendant acted willfully.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3.

Shelton operated a tax preparation business, Shelton's Tax Service, during 2018, 2019, and 2020. The defendant knowingly prepared and filed numerous tax returns that were false as to a number of material matters. For example, Shelton regularly added false Schedule C income and expenses in order to maximize the Earned Income Credit ("EIC") for clients, resulting in fraudulent refunds for her clients. Many of the returns reported net income earned from household work (HSH), but the HSH income also appears to have been reported in order only to maximize the EITC. Shelton falsified some client returns by reducing the taxpayers' income with false sole proprietorships, thus adding Schedule C losses that dramatically lowered and even eliminated the clients' taxable income while often maximizing or greatly increasing the EIC for which the taxpayers were eligible.

The intentionally false tax returns prepared and filed by the defendant for the tax years 2018 and 2019 fraudulently claimed refunds for Shelton's clients to which they were not entitled. The returns claimed refunds of at least $151,671 in excess of the refunds the clients would have been legally entitled to claim if their tax returns had been properly prepared. Shelton knew the false items she added to the returns caused the returns to claim these fraudulently inflated refunds.

### Count One

On or about February 3, 2020, the defendant prepared and electronically filed a U.S. Individual Income Tax Return (Form 1040) for tax year 2019 in the name of S.O., which was false and fraudulent as to material matters such as the net business loss was overstated and the

3

business expenses were overstated, which caused a tax loss to the government in the amount of $12,596.00. The defendant then and there knew that the net business loss was false, the total business expenses were false, and the true amount of income tax return due to S.O. was substantially less than the $12,254.00 refund amount claimed on the return, and she acted willfully in preparing and filing this return.

**5.    STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the count to which the defendant is pleading guilty is imprisonment of not more than 3 years, a fine of not more than $250,000, or both such imprisonment and fine, as well as the costs of prosecution, and a period of supervised release of not more than 1 year.

**6.    U.S. SENTENCING GUIDELINES: 2018 MANUAL**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**a.    Chapter 2 Offense Conduct:**

i.    **Base Offense Level:** As to Count One, pursuant to Guideline §§ 2T1.4, the offense level is calculated with reference to the corresponding tax loss. The parties agree that the base offense level is 16 as found in Sections 2T1.1(a)(1) and 2T4.1(F) since the tax loss resulting from defendant's conduct was $151,671, which is greater than $100,000 and less than $250,000.

ii.    **Specific Offense Characteristics:** The parties agree that 2 offense levels should be added since the defendant was in the business of preparing tax returns as found in Section 2T1.4(b)(1)(B). The parties agree the offense did not involve sophisticated means.

**B.**     **Chapter 3 Adjustments:**

**Acceptance of Responsibility:** The parties agree that 3 levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**C.**     **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 15.

**D.**     **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline

despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

A.  **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

i.  **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

ii.  **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, sophisticated means, and tax loss, as they relate to both Base Offense Level and Criminal History Category. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant within or above the determined Sentencing Guidelines range.

b. **Habeas Corpus:** The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

c. **Right to Records:** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

A. **Disclosures Required by the United States Probation Office:** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

C. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United

7

States Code, Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D.** **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143. The Government agrees not to oppose a request by the Defendant to remain on bond pending the sentencing hearing.

**F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The precise amount of restitution is unknown at the present time. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**G.** **Forfeiture:** The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

8

**H.**     **Restitution:**   The Defendant agrees to pay restitution to the Internal Revenue Service in the total amount of $151,671 pursuant to 18 U.S.C. § 3663(a)(3). Defendant agrees that the total amount of restitution reflected in this agreement results from Defendant's fraudulent conduct. The total amount of restitution consists of the following:

| Tax Return – Year | Amount To Be Credited To Tax |
|---|---|
| M.M. 2018 | $8,947 |
| M.M. 2019 | $7,248 |
| I.P. 2018 | $3,558 |
| A.C. 2018 | $4,697 |
| A.C. 2019 | $6,138 |
| R.B. 2019 | $6,659 |
| S.O. 2019 | $12,596 |
| S.W. 2019 | $7,843 |
| T.J. 2019 | $2,804 |
| H.B. 2019 | $4,664 |
| S.D. 2019 | $4,161 |
| D.G. 2019 | $6,180 |
| K.K. 2019 | $6,769 |
| T.K. 2019 | $5,043 |
| A.K. 2019 | $3,330 |
| C.M. 2019 | $8,870 |

| | |
|---|---|
| D.M. 2019 | $5,416 |
| D.McP. 2019 | $3,955 |
| C.M. 2019 | $10,863 |
| I.N. 2019 | $8,161 |
| U.R. 2019 | $4,764 |
| T.W. 2019 | $1,843 |
| K.W. 2019 | $3,060 |
| P.N. 2019 | $14,102 |
| **Total** | **$151,671** |

Defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing. Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. Neither the existence of a restitution payment schedule nor Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Defendant is entitled to receive credit for restitution paid

pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments. Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS. If full payment cannot be made immediately, Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Defendant also agrees to provide the above-described information to the probation office. If Defendant makes a payment of the restitution prior to sentencing, the payment will be applied as a credit against the restitution ordered. Defendant agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court. With each payment to the Clerk made pursuant to this Court's restitution order, Defendant will provide the following information: A. Defendant's name and Social Security number; B. The District Court and the docket number assigned to this case; C. Tax years or periods for which restitution has been ordered; and D. A statement that the payment is being submitted pursuant to the District Court's restitution order. Defendant agrees to include a request that the Clerk send the information, along with Defendant's payments, to the IRS at IRS – RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave.

Kansas City, MO 64108. Defendant also agrees to send a notice of any payments made pursuant to this agreement to the IRS at the same address.

**I.**     **Amended Tax Returns:** The Defendant also agrees to file amended tax returns for the years 2018 and 2019 within ninety days of the sentencing in this matter and to pay all taxes, interest, and penalties for those years within a reasonable time in accordance with a plan to be devised by the Probation Office, if the Probation Office determines the Defendant has the ability to pay. The defendant further agrees to make all books, records, and documents available to the IRS for use in computing the Defendant's taxes, interest, and penalties for the years 2018 and 2019.

**9.**     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives her rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no

trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed some of the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

## 10.   <u>VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:</u>

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

## 11.   <u>CONSEQUENCES OF POST-PLEA MISCONDUCT:</u>

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may

also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.   **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

_____
Date

GWENDOLYN E. CARROLL #NY4657003
Assistant United States Attorney

3/11/2022
Date

CHANTAIL SHELTON
Defendant

3/21/22
Date

SARA NEILL
Attorney for Defendant